JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Alan Petrosky

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard Stutman, Esquire
150 Monument Road, Bala Cynwyd, PA 19004
(610) 668-0255

## DEFENDANTS

Allstate Fire & Casualty Insurance Company

County of Residence of First Listed Defendant    Cook
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
John R. Brown, Esquire - Ryan, Brown, Berger & Gibbons, P.C.
1600 Market Street, Suite 1416, Philadelphia, PA 19103
(215) 564-3800

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
       Plaintiff
- ☐ 2  U.S. Government
       Defendant
- ☐ 3  Federal Question
       *(U.S. Government Not a Party)*
- ☒ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product       Product Liability |  |      28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |       Liability   ☐ 367 Health Care/ |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &       Pharmaceutical |  | ☐ 820 Copyrights | ☐ 450 Commerce |
|      & Enforcement of Judgment |       Slander       Personal Injury |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'       Product Liability |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |       Liability   ☐ 368 Asbestos Personal |  |  |       Corrupt Organizations |
|      Student Loans | ☐ 340 Marine       Injury Product |  |  | ☐ 480 Consumer Credit |
|      (Excludes Veterans) | ☐ 345 Marine Product       Liability |  | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |       Liability   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|      of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud |       Act | ☐ 861 HIA (1395ff) |       Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |       Product Liability   ☐ 380 Other Personal |       Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal       Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |       Injury   ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
|  | ☐ 362 Personal Injury -       Product Liability |       Leave Act |  |       Act |
|  |       Medical Malpractice |  | ☐ 790 Other Labor Litigation |  | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** |       Income Security Act | ☐ 870 Taxes (U.S. Plaintiff |       Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee |  |       or Defendant) |       Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate |  | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/       Sentence |  |       26 USC 7609 |       State Statutes |
| ☐ 245 Tort Product Liability |       Accommodations   ☐ 530 General |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
|  |       Employment   **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration |  |  |
|  |       Other   ☐ 550 Civil Rights |       Actions |  |  |
|  | ☐ 448 Education   ☐ 555 Prison Condition |  |  |  |
|  |       ☐ 560 Civil Detainee - |  |  |  |
|  |             Conditions of |  |  |  |
|  |             Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original
       Proceeding
- ☒ 2  Removed from
       State Court
- ☐ 3  Remanded from
       Appellate Court
- ☐ 4  Reinstated or
       Reopened
- ☐ 5  Transferred from
       Another District
       *(specify)*
- ☐ 6  Multidistrict
       Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Claim for underinsured motorist benefits provided by automobile insurance policy sold by defendant to plaintiff

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
06/26/2014

SIGNATURE OF ATTORNEY OF RECORD
John R. Brown, Esquire

### FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ALAN PETROSKY | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| ALLSTATE FIRE & CASUALTY | : | NO.: |
| INSURANCE COMPANY | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)    Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b)    Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits    ( )

(c)    Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (X)

(d)    Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e)    Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f)    Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| | | |
|---|---|---|
| June 26, 2014 | John R Brown, Esquire | Defendant |
| **Date** | **Attorney-at-Law** | **Attorney for Defendant** |
| (215) 564-3800 | (215) 564-1301 | brown@ryanbrown.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ. 660) **10/02**

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ALAN PETROSKY                          :
                                       :
              V.                       :          Civil Action
                                       :          No:
ALLSTATE FIRE & CASUALTY               :

INSURANCE COMPANY

## DISCLOSURE STATEMENT FORM

Please check one box:

XX☐          The nongovernmental corporate party, Allstate Fire & Casualty Insurance
             Company, in the above listed civil action does not have any parent
             corporation and publicly held corporation that owns 10% or more of its
             stock.

☐            The nongovernmental corporate party, _____,
             in the above listed civil action has the following parent corporation(s) and
             publicly held corporation(s) that owns 10% or more of its stock:


June 26, 2014_____              *John R Brown*
        Date                                Signature

Counsel for:  _____Defendant___


**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a)     WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file
        two copies of a disclosure statement that:
        (1)     identifies any parent corporation and any publicly held corporation
                owning 10% or more of its stock;  or

        (2)     states that there is no such corporation.

(b)     TIME TO FILE; SUPPLEMENTAL FILING.   A party must:
        (1)     file the disclosure statement with its first appearance, pleading,
                petition, motion, response, or other request addressed to the court;
                and
        (2)     promptly file a supplemental statement if any required information
                changes.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiffs: 174 DiMarco Drive, Philadelphia, PA 19154

Address of Defendant:   2775 Sanders Road, Northbrook, IL 60062

Place of Accident, Incident or Transaction: 1400 Cottman Avenue, Philadelphia, PA ___ (*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? _Yes☐  No☒

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))

Does this case involve multidistrict litigation possibilities?                        Yes☐     No☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____
Date Terminated: _____

*Civil cases are deemed related when yes is answered to any of the following questions:*

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?       Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?       Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?       Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  Federal Question Cases:
1.  ☐ Indemnity Contract, Marine Contract, and All Other Contracts

2.  ☐ FELA
3.  ☐ Jones Act-Personal Injury
4.  ☐ Antitrust
5.  ☐ Patent
6.  ☐ Labor-Management Relations
7.  ☐ Civil Rights
8.  ☐ Habeas Corpus
9.  ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases

B.  Diversity Jurisdiction Cases:
1.  ☒ Insurance Contract and Other Contracts

2.  ☐ Airplane Personal Injury
3.  ☐ Assault, Defamation
4.  ☐ Marine Personal Injury
5.  ☐ Motor Vehicle Personal Injury
6.  ☐ Other Personal Injury (Please specify)
7.  ☐ Products Liability
8.  ☐ Products Liability -- Asbestos
9.  ☐ All other Diversity Cases
       (Please specify)

**ARBITRATION CERTIFICATION**
(Check appropriate Category)

I,  John R. Brown, Esquire _____, counsel of record do hereby certify:
    ☐  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
    ☐  Relief other than monetary damages is sought.

DATE: _____          _____     _____
                                     Attorney-at-Law                   Attorney I.D.#

    **NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **4/26/14**    John R. Brown, Esquire  *John R Brown*          41024
                              Attorney-at-Law                             Attorney I.D.#

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiffs: 174 DiMarco Drive, Philadelphia, PA 19154

Address of Defendant:   2775 Sanders Road, Northbrook, IL 60062

Place of Accident, Incident or Transaction: 1400 Cottman Avenue, Philadelphia, PA     (*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? Yes☐ No☒

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))

Does this case involve multidistrict litigation possibilities?                    Yes☐    No☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____
Date Terminated: _____

*Civil cases are deemed related when yes is answered to any of the following questions:*

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                         Yes☐    No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?            Yes☐    No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes☐    No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?                                         Yes☐    No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases

B.  Diversity Jurisdiction Cases:
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
       (Please specify)

## ARBITRATION CERTIFICATION
### (Check appropriate Category)

I,  John R. Brown, Esquire_____, counsel of record do hereby certify:
    ☐  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
    ☐  Relief other than monetary damages is sought.

DATE: _____       _____     _____
                                            Attorney-at-Law                         Attorney I.D.#

     **NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: _4/26/14_    _John R. Brown, Esquire_      *John R Brown*       __41024__
                            Attorney-at-Law                                   Attorney I.D.#

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALAN PETROSKY    :
          :  CIVIL ACTION
   v.       :
          :
ALLSTATE FIRE & CASUALTY :  NO.:
INSURANCE COMPANY   :

## NOTICE OF REMOVAL

Defendant Allstate Fire and Casualty Insurance Company ("Defendant" or "Allstate"), by its attorneys, Ryan, Brown, Berger & Gibbons, P.C., hereby submits this Notice of Removal pursuant to 28 U.S.C. sec. 1441, et seq. to remove this civil action from the Court of Common Pleas, Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania, and in support thereof avers as follows:

1.  This action originally filed in the Court of Common Pleas, Philadelphia County, May Term, 2014, No. 3003 against Allstate seeks a declaratory judgment that due to injuries Plaintiff Alan Petrosky ("Plaintiff") allegedly sustained in an alleged March 9, 2012 motor vehicle accident, Plaintiff is entitled to underinsured motorist ("UIM") benefits under the terms of a Business Auto Policy issued by Allstate to Plaintiff. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

2.  The state court in which this action is pending, The Philadelphia County Court of Common Pleas, is within this judicial district.

3.      Plaintiff avers that he is a citizen of the Commonwealth of Pennsylvania residing at 174 DiMarco Drive, Philadelphia, PA 19154.

4.      Defendant Allstate is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Northbrook, Illinois.

5.      Allstate was served by Plaintiff via certified mail at its principal place of business by certified mail on June 6, 2014.

6.      Accordingly, there is complete diversity between the parties pursuant to 28 U. S. C. sec. 1332.

7.      This Notice of Removal has been timely filed within 30 days of service upon Defendant Allstate pursuant to 28 U. S. C. sec. 1446 (b) which provides in pertinent part that "notice or removal shall be filed within thirty days after the receipt by the defendant . . .of a copy of the initial pleading setting forth the claim of relief upon which such action or proceeding is based . . ." and this Notice is being filed within 30 days of receipt of the Complaint, Exhibit "A," which was filed on May 23, 2014 in Philadelphia County Court of Common Pleas but not served upon Allstate by certified mail until June 6, 2014.

8.      The United States District Court for the Eastern District of Pennsylvania has original diversity jurisdiction of this action pursuant to 28 U.S.C. sec. 1332, because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties to this action are citizens of different states; and, accordingly, this civil action may be removed pursuant to 28 U.S.C. sec. 1441 which provides a right to removal of any such action to the federal district court for the district "embracing the place where

such action is pending" which has original jurisdiction over the matter.  The Eastern District of Pennsylvania is the federal district that embraces Philadelphia County, PA.

9.     The amount in controversy is in excess of $75,000, exclusive of interest or costs, based upon the averments contained in Plaintiff's Complaint as well as Plaintiff's voluminous medical records, outstanding medical bills and Worker's Compensation lien and Plaintiff's settlement demand to Allstate for the resolution of his UIM claim.

10.     According to the Complaint which was filed in the Philadelphia County Court of Common Pleas Major Jury Program, Plaintiff claims that he sustained multiple serious injuries and traumas, including but not limited L4-S disc herniation, L2-3, L3-4, LS-S 1 disc bulges, thoracic strain and sprain, lumbar strain and sprain, chronic pain syndrome, thoracic nerve damage, cognitive and visual impairments, hearing loss, depression, anxiety, post-traumatic stress disorder, insomnia as well as various other injuries and exacerbation of pre-existing conditions, which are permanent.  As a result, Plaintiff is seeking damages in excess of $50,000, the amount required under the Pennsylvania Rules of Civil Procedure and the Philadelphia County Local Rules to avoid compulsory arbitration in the state court and be able to obtain a jury trial. Further, according to Plaintiff's medical summary, Plaintiff has outstanding medical bills in the amount of $53,855.61. A true and correct copy of Plaintiff's medical summary is attached hereto as Exhibit "B."

12.     By letter dated March 10, 2014, Plaintiff's counsel presented a demand to Allstate of $150,000.00 in settlement of Plaintiff's underinsured motorist claim. A true and correct copy of Plaintiff's counsel's March 10, 2014 letter is attached hereto as

Exhibit "C."

13.     Further, on June 25, 2014, undersigned counsel requested Plaintiff's counsel to execute a stipulation to cap his damages claim in this matter at $75,000.00. Plaintiff's counsel declined to execute the stipulation and informed defense counsel of Plaintiff's Worker's Compensation lien in the amount of $70,000.00. A true and correct copy of the June 24-25, 2014 e-mail exchange between Plaintiff's counsel's and undersigned counsel is attached hereto as Exhibit "D."

14.     All of the requirements for removal are met in this matter because there is complete diversity between Allstate and Plaintiff, and, the amount in controversy clearly exceeds $75,000.00. Accordingly, jurisdiction in this matter is proper under 28 U.S.C. §1332.

15.     True and correct copies of this Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania and served upon Plaintiff's counsel of record as required by 28 U. S.C.  Sec 1446 (d).

WHEREFORE, Defendant Allstate Fire and Casualty Insurance Company respectfully requests that Plaintiff's action be removed to this Court.

Respectfully submitted,

RYAN, BROWN, BERGER & GIBBONS, P.C.

By _John R Brown_____
John R. Brown, Esquire
Lynda M. Powell
Attorneys for Defendant
1600 Market Street, 14th Floor
Philadelphia, PA 19103-7240
(215) 564-3800       (215) 564-1307 - fax

# EXHIBIT "A"

VERLIN LAW OFFICES
BY: RICHARD L. STUTMAN, ESQUIRE
I.D. NO. 53758
150 MONUMENT RD., SUITE 404
BALA CYNWYD, PA 19004
(610) 668-0255
Email: richard@verlinlaw.com

THIS IS A MAJOR JURY MATTER
ASSESSMENT OF DAMAGES
REQUIRED AT HEARING

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| ALAN PETROSKY<br>174 DiMARCO DRIVE<br>PHILADELPHIA, PA 19154<br><br>VS.<br><br>ALLSTATE FIRE & CASUALTY<br>INSURANCE COMPANY<br>2775 SANDERS ROAD<br>NORTHBROOK, IL 60062 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>TERM, 2014<br><br>NO: |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral & Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: (215) 238-6333

## AVISO

La han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abodago y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defienda, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Ademas, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de ésta demanda. Usted puede poder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABODAGO INMEDIATAMENTE. SI NO TIENE ABODAGO O SINO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Associacion DeLicenciados De Filadelfia
Servicio DeReferencia E Información Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

Case ID: 140503003

VERLIN LAW OFFICES
BY: RICHARD L. STUTMAN, ESQUIRE
I.D. NO. 53758
150 MONUMENT RD., SUITE 404
BALA CYNWYD, PA 19004
(610) 668-0255
Email: richard@verlinlaw.com

THIS IS A MAJOR JURY MATTER
ASSESSMENT OF DAMAGES IS
REQUIRED AT HEARING

ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| ALAN PETROSKY | : | COURT OF COMMON PLEAS |
| 174 DiMARCO DRIVE | : | PHILADELPHIA COUNTY |
| PHILADELPHIA, PA 19154 | : | |
| | : | TERM, 2014 |
| VS. | : | |
| | : | |
| ALLSTATE FIRE & CASUALTY | : | NO: |
| INSURANCE COMPANY | : | |
| 2775 SANDERS ROAD | : | |
| NORTHBROOK, IL 60062 | : | |

## COMPLAINT

### MOTOR VEHICLE

1.      Plaintiff, Alan Petrosky, is an adult individual residing at 174 DiMarco Drive, Philadelphia, Pennsylvania 19154.

2.      Defendant, Allstate Fire & Casualty Insurance Company, (hereafter known as "Defendant Allstate") is a Corporation or similar entity with a place of business located at 2775 Sanders Road, Northbrook, Illinois 60062.

3.      On April 19, 2012, the date of the motor vehicle accident that has led to this action, Defendant Allstate was duly qualified and licensed to conduct and transact business within Philadelphia County, in the Commonwealth of Pennsylvania, and was empowered to execute insurance policies with the general characteristics hereinafter described.

Case ID: 140503003

4.      At all times relevant and material hereto, Defendant Allstate was doing business on a regular, continuous and systematic basis in Philadelphia County, by advertising in newspapers, billboards, circulars, direct mailings, television advertisements, internet advertisements, as well as in White and Yellow residential and commercial/business telephone directories and thus was deriving substantial compensation from their Philadelphia County customers and agents.

5.      At all times relevant and material hereto, Defendant Allstate regularly, consistently, continuously, habitually and systematically wrote and sold qualifying insurance contracts/agreements/policies to Philadelphia County residents and business/commercial establishments, insuring people, property and businesses, which activities were essential to and/or in direct furtherance of the corporate objectives and financial goals of Defendant Allstate.

6.      By the terms of the insurance policy issued to Plaintiff, Defendant Allstate provided coverage for Plaintiff in accordance with the Motor Vehicle Financial Responsibility Laws of Pennsylvania (75 Pa. C.S. Section 1701, et. seq.) which was in full force and effect on March 19, 2012.

7.      The motor vehicle accident that has led to the filing of this Complaint occurred in Philadelphia County in the Commonwealth of Pennsylvania and the Plaintiff resides in and has suffered harm because of Defendant Allstate in Philadelphia County in the Commonwealth of Pennsylvania.

8.      On March 19, 2012, at approximately 6:45 p.m., Plaintiff, acting in his capacity as a Philadelphia Police Officer was investigating a motor vehicle collision between vehicles

operated by Evelyn Rosa and Anthony Rosenberg which occurred at or about 1400 Cottman Avenue, in Philadelphia County.

9.      Both vehicles were pulled over to the shoulder of the road when Plaintiff approached the Rosa vehicle and gathered from her relevant accident information. He then walked toward the Rosenberg vehicle, which was parked behind the Rosa vehicle, in order to gather additional information to provide to Rosa.

10.     Plaintiff cited Mr. Rosenberg for failure to have proof of insurance and gave him permission to leave the scene. He walked back to speak to Rosa at her vehicle when Rosenberg suddenly and without warning pulled out onto the roadway and struck the Plaintiff, causing the Plaintiff to sustain serious personal injuries as hereinafter set forth at length.

11.     Immediately after the accident Plaintiff apprehended Rosenberg, placed him into the Plaintiff's patrol car, and subsequently charged him with driving under the influence.

12.     The accident was caused by the gross wanton reckless, negligent and careless conduct of the tortfeasor, Anthony Rosenberg, in that he:

a.  Was under the influence of medication and/or illegal drugs and operating his vehicle at the time of the accident, in violation of his duty and the laws of the Commonwealth of Pennsylvania;

b.  Failed to yield the right of way to Plaintiff who was lawfully travelling on the highway, in violation of his duty and the laws of the Commonwealth of Pennsylvania;

c.  Operated said vehicle at a high and excessive rate of speed under the circumstances;

d.  Failed to properly and adequately operate his vehicle at the time of the accident;

e.  Failed to have said vehicle under proper and adequate control at the time of the accident;

f.  Was inattentive and disregarded traffic controls, devices and/or conditions;

g.  Operated said vehicle without the regard for the rights, safety and the position of the Plaintiff who was lawfully operating her vehicle and entering the intersection with a green light at the time of the accident;

h.  Operated said vehicle in such a manner that it could not be brought to stop within the ensured clear distance ahead; and

i.  Violated the various ordinances and statutes of the Commonwealth of Pennsylvania pertaining to the operation of motor vehicles, *inter alia,* those set forth in paragraph 10 above.

13.  As a direct result of the aforesaid collision that was caused by the tortfeasor's gross wanton recklessness, negligence and carelessness, which is described above, Plaintiff Alan Petrosky sustained multiple serious injuries and traumas, including but not limited L4-5 disc herniation, L2-3, L3-4, L5-S1 disc bulges, thoracic strain and sprain, lumbar strain and sprain, chronic pain syndrome, thoracic nerve damage, as well as various other injuries and exacerbation of pre-existing conditions, which are permanent.

14.  As a direct result of the accident and Plaintiff's severe and permanent injuries caused by said accident, Plaintiff has endured pain and suffering as well as cognitive and visual impairments, hearing loss, depression, anxiety, post-traumatic stress disorder, insomnia and he has been required to expend various sums of money for medicine and medical care and treatment, and this will continue into the future.

15.  As a result of the accident and Plaintiff's severe injuries caused by said accident, Plaintiff has been caused to lose time from his usual employment, duties and activities, causing a loss of earnings and earning capacity, and this will continue into the future.

16.  Plaintiff's loss of earnings and loss of earning capacity is recoverable under 75 Pa.C.S. § 1712 and under his policy of insurance.

17.     At all times relevant and material hereto, Plaintiff was covered by the "Full Tort" option on his Allstate insurance policy and was covered by "Underinsured Motorist/With Stacking" benefits.  A copy of the declaration pages of Plaintiff's Allstate insurance policy in effect on March 19, 2012 is attached hereto as Exhibit "A."

18.     On or about July 2, 2013, GEICO Insurance Company, which insured Mr. Rosenberg's vehicle at the time of the accident, tendered the full liability policy limits in the amount of $15,000.00.  A copy of the  letter confirming the tender is attached hereto as Exhibit "B."

19.     On July 12, 2013, Allstate provided written consent to settle the third-party claim. A copy of Allstate's consent letter is attached hereto as Exhibit "C."

20.     At all times relevant and material hereto, the motor vehicle operated by the tortfeasor, and owned by Anthony Rosenberg, was underinsured.

21.     Plaintiff gave timely and reasonable notice to Defendant Allstate of his intentions to proceed with an Underinsured Motorist claim based upon the tender of full policy limits for the vehicle operated by the tortfeasor Anthony Rosenberg, and the fact that Mr. Rosenberg's vehicle was at all relevant times underinsured.

22.     There is no mandatory arbitration clause in Defendant Allstate's automobile insurance policy as to underinsured motorist benefits.

23.     Under the laws of the Commonwealth of Pennsylvania, Defendant Allstate is required to provide Underinsured Motorist benefits for Plaintiff under his policy No. 928573276 12/1010-08 and Claim No. 0267494952SBK.

24.    Defendant Allstate failed to reasonably evaluate Plaintiff's claim and has refused to provide Plaintiff full and fair Underinsured Motorist benefits and has not made any settlement offer for the severe damages Plaintiff sustained as a result of the motor vehicle accident.

25.    Plaintiff is insured for $500,000.00 of Underinsured Motorist benefits and despite his serious and permanent injuries, and multiple demands for his settlement of his injury claim, Defendant Allstate has not made a settlement offer.

WHEREFORE, Plaintiff Alan Petrosky demands judgment against Defendant Allstate Fire & Casualty Insurance Companies in excess of $50,000, plus interest, costs, reasonable attorneys' fees and such other relief as the Court deems just and proper.

VERLIN LAW OFFICE


BY:    _____/s/_____
       RICHARD L. STUTMAN, ESQUIRE
       Attorneys for Plaintiff

Dated:

## **VERIFICATION**

. I, Alan Petrosky, Plaintiff herein, state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

I understand that the statements made therein are subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

ALAN PETROSKY

DATE: 04-23-2014

EXHIBIT "B"

**ALAN PETROSKY**
**MEDICAL SUMMARY**
**D/A  3/19/12**

1.  Jeanes Hospital
    3/19/12 – ER                                          $12,475.57
    3/21/12 – ER                                          $ 3,142.25

2.  Temple Radiology Associates
    3/19/12 – x-ray physician                             $    500.00

3.  Burholme Emerg Care Specialist
    3/19/12 – ER physician                                $    323.00

4.  Comp Services, Inc. – Jeanes Hospital
    3/19/12 – 4/16/13 – work comp physician               $

5.  Bustleton Radiology
    3/27/12 – MRI lumbar spine                            $ 1,900.00
    9/18/12 – CT Thoracic Spine                           $ 2,000.00

6.  Katz-Bennett-Levin Neurology Associates, P.C.
    4/2/13 – neurologic consult                           $    475.00

7.  Holmesburg Family Medicine
    4/5/12 – 11/23/12 – doctor's visits                   $ 1,426.00

8.  Daniel S. Rosenberg, M.D.
    5/7/12 – office visit & nerve testing                 $    556.53

9.  NovaCare Rehabilitation
    5/7/12 – 12/21/12 – physical therapy                  $12,549.00

10. Foundation for Pain Management
    5/22/12 – 11/8/12 – pain management consult           $ 2,265.00

11. Aria Health Torresdale
    6/6/12 – ER                                       $ 6,718.26

12. Aria Health Physician Services
    6/6/12 – ER Physician                         $    265.00

13. Medical Imaging Associates
    9/5/12 – MRI  thoracic spine                $ 1,800.00

14. Trevose Speciality Care Surgical Centers
    10/23/12 – nerve block                      $ 6,600.00

15. Paul J. Sedacca, M.D.
    12/13/12 – 7/1/13 office visits            $   860.00

**TOTAL MEDICAL:**                       **$53,855.61**

# EXHIBIT "C"

# Verlin Law Offices

Mark A. Verlin
Richard L. Stutman

150 Monument Road, Suite 404
Bala Cynwyd, PA 19004
(610) 668-0255
(610) 668-0258 Fax
1-800-501-4434 Toll Free

March 10, 2014

Allstate Insurance
6345 Flank Drive, Suite 1000
Harrisburg, PA  17112
Attn:  Benjamin Kohler

RE:   My Client/Your Insured:   Alan Petrosky
      Claim #:                  0267494952SBK
      Date of Accident:         3/19/12

Dear Mr. Kohler:

As you are aware this office represents Officer Alan Petrosky for personal injuries sustained in the above-captioned matter.  At the time of the accident, Officer Petrosky was unintentionally run over by a motor vehicle while he was investigating a traffic accident causing his injuries.  Although Officer Petrosky was clearly acting in the course and scope of his employment at the time of the accident, he was also not in his motor vehicle, but was a pedestrian standing next to a motor vehicle talking to its driver when he was run over.  I have a copy of Officer Petrosky's Allstate policy and I can find no underinsured motorist exclusions which would apply to this set of facts.

Therefore, enclosed is a copy of Officer Petrosky's medical summary and all applicable medical records, bills, reports, and documents.  As you are aware, we have settled his third party claim for policy limits of $15,000.  I am demanding $150,000 in settlement of his underinsured motorist claim.  Would you kindly respond to this demand at your earliest convenience.

Very truly yours,

MARK A. VERLIN

MAV/dc
Encl.

Received
MAR 1 3 2014
Harrisburg Mailroom

# EXHIBIT "D"

## John Brown

| | |
|---|---|
| **From:** | John Brown |
| **Sent:** | Wednesday, June 25, 2014 9:43 AM |
| **To:** | 'richard' |
| **Subject:** | RE: Petrosky v. Allstate  -  Allstate Claim No.: 0267494952  -- Our File No.: 7600 - 2 - 11637 |
| **Attachments:** | Stipulation to Cap Damages.pdf |
| | |
| **Importance:** | High |

Rich –

I understand your position that you cannot sign the attached stipulation that I have executed to cap damages at $75,000 in this matter for the reasons stated below in your email.

By reply to this email please confirm for me a stated demand for settlement of the claim against Allstate in this matter that I can communicate both to my principal and the court.

Since you have made it clear in our telephone conversation yesterday that plaintiff's claim exceeds the $75,000 threshold for the federal court to assert subject matter jurisdiction over the disputed UIM claim, Allstate intends to remove the case to USDCEDPa.

I look forward to working with you on this case and appreciate your courtesy and cooperation.

Sincerely,
John

John R. Brown, Esq.
RYAN, BROWN,
BERGER & GIBBONS, P.C.
1600 Market Street, 14th Floor
Philadelphia, PA 19103-7240
(215) 564-3800
Fax: (215) 564-1301
brown@ryanbrown.com
www.ryanbrown.com

**From:** richard [mailto:Richard@verlinlaw.com]
**Sent:** Tuesday, June 24, 2014 9:42 AM
**To:** John Brown
**Cc:** richard
**Subject:** Petrosky v. Allstate

Good talking to you yesterday.  Just reviewed my file.  Work Comp lien alone is almost $70,000, so I can't sign a stip to max damages of $75,000.

It may be Fed Arb level, but we can cross that bridge when we come to it.

Rich Stutman

## **CERTIFICATE OF SERVICE**

I hereby certify that on June _26_, 2014 a true and correct copy of the Notice of

Removal on behalf of Defendant has been served upon the following via regular mail:

Richard L. Stutman, Esquire
Verlin Law Offices
150 Monument Road, Suite 404
Bala Cynwyd, PA 19004

RYAN BROWN BERGER & GIBBONS, P.C.

BY: _John R. Brown_   John R. Brown, Esquire

Date: _6/26/14_